131 F.3d 149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John JEFFERSON, Defendant-Appellant.
 No. 96-35991.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1997.
Decided Oct. 22, 1997.
 
 Appeal from the United States District Court for the District of Alaska, Nos. CV-96-00001-JKS and CR-96-00001-1-JKS; James K. Singleton, District Judge, Presiding.
 Before: WALLACE, NOONAN and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In United States v. Barron, No. 96-36058 (9th Cir.1997), filed contemporaneously with this Memorandum Disposition, we held that the district court has the discretion to void an entire plea agreement and return the parties to the status quo ante when a petitioner successfully challenges his guilty plea to one of several counts of conviction under a motion filed pursuant to 28 U.S.C. § 2255, and his conviction and sentence on that count are vacated. We held the court may leave the remaining convictions intact and resentence the petitioner on those counts, or fashion any relief appropriate in the circumstances.
 
 
 3
 Our opinion in Barron controls this case. The district court had authority, pursuant to 28 U.S.C. § 2255, to vacate Jefferson's conviction and sentence on the section 924(c)(1) count and restore Jefferson and the government to the positions they were in before the plea agreement was entered. Accordingly, the government was not precluded from charging Jefferson with a violation of 21 U.S.C. § 843(b), and Jefferson's conviction by guilty plea to that charge is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3